UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CERNER MIDDLE EAST LIMITED, a Cayman Islands Exempted Company,<br><br>Plaintiff,<br><br>v.<br><br>AHMED SAEED MAHMOUD AL-BADIE AL-DHAHERI, an individual,<br><br>Defendant,<br><br>and<br><br>ABDULLA AHMED AL-BADIE AL-DHAHERI, an individual,<br><br>Defendant/Reach and Apply Defendant. | Case No.<br><br>**NOTICE OF REMOVAL**<br><br>(9 U.S.C. §§ 203, 205) |

Defendants AHMED SAEED AL BADI AL DHAHERI ("Ahmed Dhaheri") and ABDULLA AHMED AL BADI AL DHAHERI ("Abdulla Dhaheri") hereby remove the above-captioned action currently pending in the Commonwealth of Massachusetts Trial Court, Superior Court Department for Middlesex County ("State Court Action"), to the United States District Court for the District of Massachusetts. Defendants remove the State Court Action pursuant to 9 U.S.C. § 205, as authorized by 9 U.S.C. § 203, because Plaintiff's complaint falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), as implemented by Chapter Two of the Federal Arbitration Act. *See* 9 U.S.C. §§ 201, 202.

As grounds for removal, Defendants state as follows:

## BACKGROUND

1. Upon information and belief, on or about August 1, 2016, Plaintiff CERNER MIDDLE EAST LIMITED ("Cerner") filed a complaint and jury demand (the "Complaint") with the Clerk of Courts for the County of Middlesex. The State Court Action was assigned Civil Action No. 1681CV02190.

2. Defendants Ahmed Dhaheri and Abdulla Dhaheri ("Defendants") have not been served with the Complaint. Representatives of Defendants received a copy of the Complaint from a third party on or about August 22, 2016. The Complaint, as received by Defendants from a third party, is attached as Exhibit 1 hereto.

3. Both Defendants join in this Notice of Removal.

4. The Complaint asserts claims for Recognition of the Award, pursuant to 9 U.S.C. § 201, *et seq.* (Count I, against Ahmed Dhaheri); Fraudulent Conveyance, pursuant to M.G.L. ch. 109A, § 5 (Count II, against both Defendants); and Reach and Apply, pursuant to M.G.L. ch. 214, § 3(8) (against Abdulla Dhaheri). *See* Ex. 1 (Complaint), ¶¶ 56-80.

5. Plaintiff's claims are based on an arbitral award allegedly entered in its favor on July 16, 2015 by the International Chamber of Commerce International Court of Arbitration seated in Paris France (the "ICC"). Specifically, Plaintiff alleges that in 2008, it entered into an agreement with an entity known as "iCapital Sole Establishment" or "iCapital LLC" in the U.A.E. to develop and implement a medical information technology platform in medical facilities located in the U.A.E. (the "Cerner Business Agreement" or "CBA"). *Id.*, ¶ 5. Plaintiff alleges that Defendant Ahmed Dhaheri owns, controls, and is the alter ego of iCapital. *Id.*, ¶¶ 5, 17. Plaintiff further alleges that iCapital defaulted on both its payment obligation to Cerner under the CBA and its payment obligation under a subsequent settlement agreement titled Settlement and Payment Agreement (the "SPA") entered in 2012 between Cerner, iCapital, and Belbadi Enterprises LLC and related to Cerner's first Request for Arbitration with the ICC. *Id.*,

¶¶ 17-19. According to the Complaint, both the CBA and the SPA contain written agreements to arbitrate. *Id.,* ¶¶ 25-26. Neither Ahmed Dhaheri nor Abdulla Dhaheri are alleged in the Complaint to be parties to the CBA or SPA. However, Plaintiff alleges that, based on iCapital's default on its obligations under the CBA and SPA, it filed a second Request for Arbitration with the ICC on August 23, 2013 against both iCapital **and** Ahmed Dhaheri, as owner of iCapital. *Id.,* ¶ 30. Plaintiff alleges that the second arbitration proceeding occurred in Paris, France, without iCapital or Ahmed Dhaheri's presence, and resulted in the entry of an award in Cerner's favor against both absent parties, iCapital and Ahmed Dhaheri. *Id.,* ¶¶ 35-36. Plaintiff alleges that, pursuant to the award, iCapital and Ahmed Dhaheri are jointly and severally obligated to pay Cerner more than $62 million dollars, inclusive of interest, penalties, costs, and attorneys' fees. *Id.,* ¶ 41.

6. In this action, Plaintiff seeks an order recognizing and enforcing the arbitral award entered by the ICC on July 16, 2015. *Id.,* ¶ 67. The Complaint also seeks injunctive relief relating to an alleged fraudulent conveyance of property located in Cambridge, Massachusetts, from Ahmed Dhaheri for the benefit of his son, Abdulla Dhaheri, "with actual intent to hinder, delay, or defraud his creditors, including, but not limited to, Cerner." *Id.,* ¶ 72.

## ORIGINAL JURISDICTION PURSUANT TO 9 U.S.C. § 205

7. Plaintiff's asserted right to relief relates to an arbitration agreement and arbitral award falling under the Convention, which confers jurisdiction in this Court. *See* 9 U.S.C. §§ 203 and 205. Specifically, in the State Court Action, Plaintiff Cerner Middle East Limited seeks recognition and enforcement of an arbitration award issued by the ICC, pursuant to agreements to arbitrate allegedly entered between iCapital and Cerner. *See* Exhibit 1.

8. This Court has subject matter jurisdiction over this lawsuit pursuant to 9 U.S.C. § 203 because "[a]n action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States

(including the courts enumerated in section 460 of title 28) shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy." *Id.*

9. The arbitration agreements and arbitral award in this case fall under the Convention. Pursuant to 9 U.S.C. § 202, "[a]n arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract, or agreement described in section 2 of this title [9 U.S.C. § 2], falls under the Convention." *Id*.

10. Under 9 U.S.C. § 205, "[w]here the subject matter of an action or proceeding pending in a state court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending." *Id.*

11. The phrase "relates to an arbitration agreement or award" in 9 U.S.C. § 205 is construed to mean that "whenever an arbitration agreement falling under the Convention could *conceivably* affect the outcome of the plaintiff's case, the agreement 'relates to' the plaintiff's suit." *Infuturia Global Ltd. v. Sequus Pharmaceuticals*, 631 F.3d 1133, 1138 (9th Cir. 2011) (emphasis in original) (quoting *Beiser v. Weyler,* 284 F.3d 665, 669 (5th Cir. 2002)).

12. The validity and enforceability of both the arbitration agreement and the arbitral award against Ahmed Dhaheri is pivotal to the outcome of Plaintiff's case. Plaintiff seeks to enforce the ICC arbitration award pursuant to an arbitration agreement to which neither Ahmed Dhaheri nor Abdulla Dhaheri is a party. The arbitration was held without either Defendant making an appearance or presenting a defense. The main evidence in the action will relate to the enforceability of both the purported agreements to arbitrate allegedly found in the CBA and SPA, the procedural and substantive validity of the ICC arbitration, and the enforceability of the award as against Ahmed Dhaheri under the Convention. Therefore, the State Court Action

undoubtedly "relates to an arbitration agreement or award falling under the Convention." 9 U.S.C. § 205.

13. On the merits, Defendants will assert defenses that relate to the alleged agreement to arbitrate or the arbitral award falling under the Convention, rendering the award against Ahmed Dhaheri invalid. These defenses include, but are not limited to:

a. Neither Defendant was a signatory to the alleged agreement to arbitrate;

b. No judgment or order has been entered by a court of competent jurisdiction finding that Ahmed Dhaheri was bound by the arbitration agreement; and

c. The ICC was without authority to determine that Ahmed Dhaheri was bound by the arbitration agreement on an alter ego theory.

14. In short, this is a civil action in which Plaintiff asserts claims for relief arising under the Convention, and this case may accordingly be removed to the United States District Court for the District of Massachusetts. *See* 9 U.S.C. § 205, as authorized by 9 U.S.C. § 203. The existence of federal question jurisdiction over any of Plaintiff's claims is sufficient to make the entire case removable. *See* 28 U.S.C. § 1441(c).

## PROCEDURAL REQUIREMENTS AND LOCAL RULES

### Removal to Proper Court

15. The United States District Court for the District of Massachusetts is the federal judicial district encompassing the Superior Court of Massachusetts (Middlesex County), where this suit was originally filed. Venue is therefore proper under 9 U.S.C. § 205.

16. Defendants are entitled to remove the State Court Action "at any time before the trial thereof." 9 U.S.C. § 205. Defendants have timely filed their Notice of Removal in this Court because trial has not commenced.

### Pleadings and Process

17. Attached hereto as Exhibit 1 is a copy of all process, pleadings, and orders

received by Defendants in the State Court Action. *See* 28 U.S.C. § 1446(a). Although Defendants have not been served with any process or pleadings, Exhibit 1 contains the Complaint, without the referenced exhibits, that was provided to Defendants by a third party.

18. Pursuant to Local Rule 81.1(a), Defendants will file certified or attested copies of all records, proceedings, and docket entries in the State Court Action within 28 days of the filing of this Notice.

19. Defendants have paid the appropriate filing fee to the Clerk of this Court upon the filing of this Notice.

**<u>Notice</u>**

20. Defendants will file with the clerk of the Superior Court of Massachusetts (Middlesex County) and serve upon Plaintiff's counsel a Notice of Filing of Notice of Removal, pursuant to 28 U.S.C. § 1446(d). A copy of the Notice of Filing of Notice of Removal is attached hereto as Exhibit 2.

21. Defendants will also promptly serve upon Plaintiff's counsel and file with the clerk of the Superior Court of Massachusetts (Middlesex County) a copy of this Notice of Removal. *See* 28 U.S.C. § 1446(d).

**<u>Signature</u>**

22. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. *See* 28 U.S.C. § 1446(a).

23. Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 9 U.S.C. § 203, and the claims may be removed to this Court under 9 U.S.C. § 205.

24. Defendants reserve the right to amend or supplement this Notice of Removal.

25. Defendants reserve the right to a request a jury trial on all issues.

26. Defendants reserve all claims and defenses, including, without limitation, those set forth in Fed. R. Civ. P. 12(b).

WHEREFORE, Defendants hereby remove the above-entitled action, now pending in the Superior Court of the Commonwealth of Massachusetts, to the United States District Court for the District of Massachusetts.

Respectfully submitted,

AHMED SAEED AL BADI AL DHAHERI
and ABDULLA AHMED AL BADI AL
DHAHERI,

By Their Attorney,

/s/ David Hadas
David Hadas, BBO No. 641294
**HADAS LAW GROUP, LLC**
125 Summer Street, Suite 1200
Boston, Massachusetts 02110
Phone: 617-209-5191
Fax: 888-279-1640
dhadas@hadaslaw.com

**DATED this 3rd day of October, 2016.**

## CERTIFICATE OF SERVICE

I, David Hadas, certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ David Hadas
David Hadas